UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUANE P. GIBSON, | ) | CASE NO.: 5:05CV2093 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | Magistrate Judge George J. Limbert |
| | ) | |
| vs. | ) | |
| | ) | |
| MARGARET BRADSHAW, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

The instant matter is before the undersigned on Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2254 federal habeas corpus petition as a successive application under 28 U.S.C. § 2244. ECF Dkt. #7. Petitioner, pro se, has filed a response in opposition to Respondent's motion, arguing that the Court should not dismiss his instant petition as a successive petition because the grounds raised in his first federal habeas corpus petition were never adjudicated on the merits, but dismissed for lack of exhaustion, which renders his instant federal habeas corpus petition nonsuccessive. ECF Dkt. #13 at 5. For the following reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is a second or successive petition and TRANSFER the instant petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b).

**I.     PROCEDURAL HISTORY**

### A.    STATE TRIAL COURT

This case has a rather convoluted procedural history.  On August 1, 2000, Petitioner, with counsel, withdrew his former not guilty pleas and entered guilty pleas to aggravated arson as charged in the indictment, a violation of Ohio Revised Code §2909.02(A)(2), and burglary in violation of Ohio Revised Code § 2911.12(A)(2).  ECF Dkt. #7, Attachments 2, 4.  On September 6, 2000, the Summit County Court of Common Pleas sentenced Petitioner to eight years of imprisonment on the aggravated arson conviction and six years of imprisonment on the burglary conviction, with the sentences to run consecutively.  ECF Dkt. #7, Attachment 5.

### B.    DIRECT APPEAL

Petitioner, with new counsel, filed an appeal with the Ninth District Court of Appeals and filed his brief arguing the following assignment of error:

> ASSIGNMENT OF ERROR:
>
> The trial court erred and abused its discretion in sentencing Appellant to a maximum term of incarceration and by imposing a consecutive sentence in violation of the statutory guidelines provided under felony sentencing laws.

ECF Dkt. #7, Attachment 6.  The State of Ohio filed an Appellee brief and on April 11, 2001, the appellate court affirmed the trial court judgment.  ECF Dkt. #7, Attachment 9.

Petitioner timely appealed to the Ohio Supreme Court and on May 25, 2001, Petitioner, pro se, filed his memorandum in support of jurisdiction arguing the following propositions of law:

> Proposition of Law No. 1: The appellant was infringed of his fundamental guaranty to assistance of appellate counsel embodied in the Sixth Amendment to litigate his defense against denial of due process of law and the trial court violating its jurisdictional duty to consider the minimal sentence unless after a finding to the minimal sentence to depart from the statutory mandated minimum nullifying the judgment of sentence pursuant to the Fourteenth Amendment in the Constitution for the United States of America.
>
> Proposition of Law No. 2: The appellant was infringed of his fundamental

> guaranty to assistance of appellate counsel embodied in the Sixth Amendment to litigate his defense claim of the trial court violating the due process protections under the Ohio statutory sentencing laws from consecutive sentences when the sentencing record refutes the adequate elements to impose consecutive service in prison nullifying the judgment of sentence pursuant to the Fourteenth Amendment of the Constitution for the United States of America.
>
> Proposition of Law No. 3: The reviewing court violated the appellant of his due process rights established under the Ohio statutory sentencing laws in using judicial authority to provide a record of clear and convincing evidence that the trial court performed its duties in the judgment of sentence which is contrary to the sentencing record nullifying the appellate judgment pursuant to the Fourteenth Amendment in the Constitution for the United States of America.

ECF Dkt. #7, Attachment 10. The State of Ohio filed a memorandum in opposition and on July 25, 2001, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #7, Attachment 12.

### C.     FIRST FEDERAL HABEAS CORPUS PETITION

On March 26, 2002, Petitioner, pro se, executed his first federal habeas corpus petition in this Court pursuant to 28 U.S.C. §2254. ECF Dkt. #7, Attachment 13; *see also* ECF Dkt. #1 in Case Number 5:02CV607. Petitioner raised the following three grounds for relief in this petition:

> Ground One: Eighth and Fourteenth Amendment of the U.S. Constitution, excessive maximum and consecutive sentences.
>
> Supporting FACTS: The petitioner received the maximum sentence of (8) years for aggravated Arson, Although, he has never been in prison before, nor has a prior record. The sentence was excessively imposed. The court never gave a complete findings[sic] on the record, or a proper assesment[sic] of his record to impose such a lengthy sentence.
>
> Ground Two: Sixth, Fourteenth and Eighth Amenmdnent[sic] of the U.S. Const. improper consecutive sentence imposed.
>
> Supporting FACTS: The petitioner received a six year consecutive sentence for the offense of burglary. The consecutive sentence was improper, and were[sic] of the same animus.

-3-

> Ground Three: Sixth and Eighth Amendment of the U.S. Const. sentencing court failed to impose minimum sentence.
>
> Supporting FACTS: The petitioner was never considered for the possibly[sic] of receiving the minimum sentence according to Ohio law, for those whom were never incarcerated before, nor had an excessive record or prior record.

*Id.* Respondent filed an answer/return of writ and on March 5, 2003, United States Magistrate Judge Nancy Vecchiarelli issued a Report and Recommendation finding that Petitioner had failed to exhaust his grounds for relief by failing to fairly present them as federal claims to the state courts. ECF Dkt. #7, Attachment 15. Magistrate Judge Vecchiarelli also found that Petitioner had procedurally defaulted the grounds for relief under the doctrine of *res judicata* because he could have raised his grounds for relief in the federal habeas petition on direct appeal but he did not do so. *Id.* Accordingly, on the bases of failure to exhaust and procedural default, the Magistrate Judge recommended that the Court deny Petitioner's federal habeas corpus petition and certify that an appeal could not be taken in good faith. *Id.*

On May 30, 2003, United States District Court Judge James Gwin issued his Opinion and Judgment Entry denying Petitioner's objections to the Magistrate Judge's Report and Recommendations and agreeing with Magistrate Judge Vecchiarelli that Petitioner had procedurally defaulted his grounds for relief by failing to raise them on direct appeal. ECF Dkt. #7, Attachment 16.

### D.    FIRST ROUND OF STATE POSTCONVICTION PROCEEDINGS

Thereafter, on October 15, 2003, Petitioner returned to the state courts, filing a motion to correct an improper sentence pursuant to a new Ohio Supreme Court case at the time, *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-41652, 793 N.E.2d 473 (2003). ECF Dkt. #7, Attachment 18. Petitioner contended that *Comer* required the trial court in his original case to make findings and state reasons for imposing consecutive sentences on his felony convictions. *Id.* The State of

Ohio opposed the motion and on October 30, 2003, the trial court denied Petitioner's motion. ECF Dkt. #7, Attachments 19, 20.

On December 2, 2003, Petitioner, pro se, filed a timely appeal with the Ninth District Court of Appeals. ECF Dkt. #7, Attachment 21. In his appellate brief, Petitioner asserted the following assignment of error:

> ASSIGNMENT OF ERROR I
>
> THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE APPELLANT'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AFTER IT FAILED TO CORRECT APPELLANT'S ILLEGALLY IMPOSED SENTENCE.

ECF Dkt. #7, Attachment 22. The State filed an appellee brief and on May 19, 2004, the appellate court affirmed the trial court judgment, finding that *res judicata* barred Petitioner's claim because he had failed to raise in his direct appeal any issue relating to abuse of discretion in sentencing or lack of proper findings at the sentencing hearing and in the judgment entry. ECF Dkt. #7, Attachments 23, 24. Moreover, the appellate court further held that it had to affirm the trial court's judgment even if *res judicata* did not bar Petitioner's claim, as Petitioner had failed to file the sentencing transcript in order to illustrate the error of which he complained. ECF Dkt. #7, Attachment 24 at 4-5.

On June 28, 2004, Petitioner, pro se, filed an appeal to the Ohio Supreme Court, arguing the following proposition of law:

> Proposition of Law No. 1: The trial court abused its discretion and violated the appellants[sic] Eighth and Fourteenth Amendment rights under the United States Constitution, and Article I Section 10 of the Ohio Constitution after it failed to correct appellants[sic] illegally imposed sentence.

ECF Dkt. #7, Attachments 25, 26. On September 1, 2004, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial

-5-

constitutional question.  ECF Dkt. #7, Attachment 27.

### E.  SECOND ROUND OF STATE POSTCONVICTION PROCEEDINGS

On January 13, 2005, Petitioner, pro se, filed in the state trial court a motion to vacate his sentence pursuant to Ohio Revised Code §2953.08(A)(4) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  ECF Dkt. #7, Attachment 28.  Petitioner asserted that the court should vacate his sentence pursuant to the new holding in *Blakely*.  *Id.*  The State of Ohio filed an opposition brief and on January 31, 2005, the trial court denied Petitioner's motion to vacate.  ECF Dkt. #7, Attachments 29, 30.

Petitioner filed an appeal in the Ninth District Court of Appeals on February 23, 2005 and filed an appellate brief stating the following assignments of error:

> FIRST ASSIGNMENT OF ERROR:
>
> THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO VACATE HIS SENTENCE PURSUANT TO O.R.C. 2953.08(3)(sic) AND THE MANDATES EMBODIED IN THE RECENT CASE OF BLAKELY V. WASHINGTON, (2004) 124 S.CT. 2531 AFTER HE SHOWED A COLORABLE CLAIM OF HOW HIS SENTENCE WAS CONTRARY TO STATE AND FEDERAL LAW.
>
> SECOND ASSIGNMENT OF ERROR:
>
> THE TRIAL COURT ERRED BY NOT APPLYING THE MANDATES EMBODIED IN APPRENDI V. NEW JERSEY, 120 S.CT. 2348 (2000) AND BLAKELY V. WASHINGTON, 124 S.CT. 2531 RETROACTIVELY TO APPELLANT'S SENTENCE IN VIOLATION OF HIS SIXTH AND FOURTEEN AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
>
> THIRD ASSIGNMENT OF ERROR:
>
> THE APPLICATION OF RES JUDICATA WOULD BE UNJUST IN THIS CASE AND WOULD VIOLATE APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
>
> FOURTH ASSIGNMENT OF ERROR:

> THE TRIAL COURT ERRED WHEN DISMISSING APPELLANT'S MOTION TO VACATE HIS SENTENCE AFTER APPELLANT SUFFICIENTLY SATISFIED O.R.C. 2953.23(A)(1)(a)(b) IN VIOLATION OF APPELLANT'S RIGHTS UNDER ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION.

ECF Dkt. #7, Attachments 31, 32. On March 4, 2005, the appellate court ordered Petitioner to comply with its Local Rule by either paying the costs of deposit for his appeal or filing the proper documentation for waiver of the costs. ECF Dkt. #7, Attachment 33. The court admonished Petitioner that if he failed to comply with its order or otherwise failed to show good cause for his inability to comply by March 25, 2005, the court would dismiss his appeal. *Id.*

On March 18, 2005, the appellate court issued another journal entry ordering Petitioner to file a brief on or before April 5, 2005 explaining why his appeal should not be dismissed for lack of jurisdiction because his motion to vacate his sentence in the trial court may have constituted a motion for reconsideration which did not toll his time for filing his notice of appeal from the original judgment. ECF Dkt. #7, Attachment 34. Petitioner was again admonished that if he failed to comply with the court's order explaining why the court should not dismiss his appeal on the basis of untimeliness, the court would dismiss his appeal. *Id.*

On April 18, 2005, the appellate court dismissed Petitioner's appeal, explaining that he had failed to respond to its order that he pay the required costs for the appeal, request a waiver of the costs or otherwise show good cause for his failure to comply with the Local Rules. ECF Dkt. #7, Attachment 36.

On May 2, 2005, Petitioner, pro se, filed a motion in the appellate court to vacate the appellate court's dismissal order pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure on the grounds of excusable neglect. ECF Dkt. #7, Attachment 37. Petitioner indicated that he had

mailed to the court the required documentation to support a waiver of the costs, but he had neglected to file a motion requesting waiver of the costs. *Id.* On May 5, 2005, the appellate court treated Petitioner's motion as an application for reconsideration pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure. ECF Dkt. #7, Attachment 38. The appellate court struck the motion as untimely because it was filed beyond the ten-day period for reconsideration set forth in Ohio Appellate Rule 26(A) and Petitioner had failed to demonstrate that extraordinary circumstances for granting an extension beyond the ten days was warranted pursuant to Rule 14(B) of the Ohio Rules of Appellate Procedure. *Id.*

On May 17, 2005, Petitioner filed an application for reconsideration pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure, asking the appellate court to reconsider its May 5, 2005 order. ECF Dkt. #7, Attachment 39. On May 24, 2005, Petitioner filed a motion to stay the appellate court's April 18, 2005 dismissal until the court ruled on the application for reconsideration. ECF Dkt. #7, Attachment 41. On May 25, 2005, the Ninth District Court of Appeals denied this application as untimely filed within the required ten-day time period pursuant to Rule 26(A) and also held that even if it were timely filed, Petitioner had not demonstrated indigency as he had previously argued. ECF Dkt. #7, Attachment 42. The court thereafter denied the motion to stay as moot. ECF Dkt. #7, Attachment 43.

On July 11, 2005, Petitioner filed another appeal in the Ninth District Court of Appeals from the trial court's order of January 31, 2005 denying his motion to vacate his sentence pursuant to the United States Supreme Court's holding in *Blakely*. ECF Dkt. #7, Attachment 44. On July 12, 2005, Petitioner also filed motion for leave to file delayed appeal pursuant to Rule 5 of the Ohio Rules of Appellate Procedure and he also filed a separate motion to waive payment of the Local Rule deposit for his appeal due to indigency. ECF Dkt. #7, Attachments 45, 46. The State of Ohio filed an opposition brief citing *res judicata* and on July 18, 2005, the appellate

-8-

court denied Petitioner leave to file a delayed appeal. ECF Dkt. #7, Attachments 47, 48. The appellate court found that Rule 5 did not apply to postconviction proceedings and thus Petitioner's motion to file a delayed appeal pursuant to Rule 5 from an order denying his postconviction request was denied and dismissed. *Id.*

On August 29, 2005, Petitioner filed a notice of appeal to the Supreme Court of Ohio as to the appellate court's May 5, 2005 dismissal of his motion to vacate and the appellate court's July 18, 2005 denial of leave to file a delayed appeal pursuant to Rule 5 of the Ohio Rules of Appellate Procedure. ECF Dkt. #7, Attachment 49. In his memorandum in support of jurisdiction, Petitioner presented the following sole proposition of law:

> Proposition of Law No. I:
>
> Where a motion to vacate judgment pursuant [sic] Civ. R. 60(B) is erroneously construed as a motion for reconsideration under an appeal for a post-conviction proceedings[sic] and consequently dismissed, Appellant's Fourteenth Amendment right to Equal Protection of law is violated; and the Due Process Clauses contained in the Fifth and Fourteenth Amendments are seriously affected.

ECF Dkt. #7, Attachment 50. On November 23, 2005, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. ECF Dkt. #7, Attachment 51.

## II. INSTANT FEDERAL HABEAS CORPUS PETITION

On August 17, 2005, Petitioner, pro se, executed the instant §2254 federal habeas corpus petition, which was filed in this Court on August 31, 2005. ECF Dkt. #1. Petitioner presents the following sole ground for relief:

> Ground for Relief: Petitioner's Eighth and Fourteenth Amendments were violated when the court failed to correct Petitioner's illegally imposed sentence.
>
> Supporting FACTS: The trial court abused its discretion when it dismissed Petitioner's motion to correct sentence, where the sentence is contrary to law, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

-9-

*Id.* On December 28, 2005, Respondent filed her motion requesting that the Court either dismiss Petitioner's instant federal habeas corpus petition as a second or successive petition or transfer the petition to the Sixth Circuit Court of Appeals for consideration as a second or successive petition. ECF Dkt. #7. On April 28, 2006, Petitioner filed a response to Respondent's motion, arguing that the instant federal habeas corpus petition is not a second or successive petition. ECF Dkt. #13. For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion, find that Petitioner's instant federal habeas corpus petition is indeed a second or successive petition and transfer the petition to the Sixth Circuit Court of Appeals for authorization to proceed on the petition. ECF Dkt. #13.

### III. LAW AND ANALYSIS

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court is without jurisdiction over a second or successive petition for habeas corpus in the absence of an order from the court of appeals authorizing its filing." *Worthy v. United States,* No.: 1:98CV2631, 2005 WL 1126738, *3 (N.D.Ohio 2005), citing *Rumler v. Hemingway,* 171 F.Supp.2d 705, 711-12 (E.D.Mich.2001). The AEDPA applies to the instant federal habeas corpus action because Petitioner filed his petition on August 17, 2005, well after the April 24, 1996 enactment of the AEDPA.

The relevant portion of 28 U.S.C. §2244(b) provides that, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit Court of Appeals has held that a district court must transfer a successive petition to the Sixth Circuit, regardless of how meritorious the district court believes the claim to be, unless the Sixth Circuit has approved the

-10-

filing of the petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit will then issue certification on a successive petition only if the petitioner establishes a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2); *see also Brown v. United States,* No. CRIM. 2:95-CR-066(2) 2006 WL 212100, *3 (S.D.Ohio, 2006).

Petitioner first contends that the instant petition is not a second or successive petition because his prior federal habeas corpus petition was not an adjudication on the merits as Judge Gwin denied the petition based upon Petitioner's failure to exhaust his state court remedies. ECF Dkt. #13 at 4. Petitioner is correct that a district court's dismissal of a federal habeas corpus petition on the basis of failure to exhaust remedies is not an adjudication on the merits for determining whether a subsequent federal habeas corpus petition is a second or successive petition. *See Stewart v. Martinez-Villeral*, 523 U.S. 637, 644, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998)("[N]one of our cases ⋯ have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition.").

However, Judge Gwin relied upon failure to exhaust as only one avenue for denying Petitioner's first federal habeas corpus petition as he also relied upon the doctrine of *res judicata* in denying the petition. ECF Dkt. #7, Attachment 16; *see also* ECF Dkt. #17 in Case Number 5:02CV607. The Court found that Petitioner had procedurally defaulted his grounds for relief in the petition as he failed to raise his grounds for relief on direct appeal as required in the state

-11-

courts and he could not return to the state courts to raise those grounds for relief based upon the doctrine of *res judicata*. While failure to exhaust remedies in a first federal habeas corpus petition is not an adjudication on the merits for purposes of determining whether a subsequent petition is a second or successive petition, numerous courts have held that the denial of a first §2254 federal habeas corpus petition on the grounds of procedural default without overcoming cause and prejudice constitutes an adjudication on the merits for purposes of finding that the subsequent federal habeas corpus petition is a second or successive petition. *In re Cook,* 215 F.3d 606, 607-608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205 (2nd Cir. 1998); *Wilson v. Grant*, 877 F.Supp. 380, 383 (E.D. Mich. 1995). In *Wilson*, the Eastern District Court of Michigan held that a ruling of procedural default in a first federal habeas corpus petition results in a subsequent petition constituting a second or successive petition. 877 F.Supp. at 383. However, that court further held that the second or successive petition should be considered on the merits if the petitioner was able to obtain a state court adjudication on the claims in further filings in the state court after the first habeas adjudication. *Wilson*, 877 F.Supp. at 383.

Here, the Court denied Petitioner's first federal habeas corpus petition based upon both a failure to exhaust and procedural default. A finding of procedural default in a first federal habeas corpus petition is considered an adjudication on the merits for purposes of determining whether a subsequent petition is a second or successive petition. *Cook*, 215 F.3d at 607-608, *Carter*, 150 F.3d at 205, *Wilson*, 877 F.Supp. at 383. After the Court's denial of his first federal habeas corpus petition, Petitioner then returned to state court on his claims. But even applying the additional latitude given in *Wilson*, the Court should find that Petitioner's instant petition is nevertheless a second or successive petition because Petitioner's return to the state courts did not result in those courts addressing his claims on their merits. Rather, the state courts relied upon *res judicata* and other procedural defects to bar Petitioner's claims of improper sentencing based

-12-

upon the retroactivity of new caselaw.  *See* ECF Dkt. #7, Attachments 18-51.  For these reasons, the undersigned recommends that the Court find that the instant petition constitutes a second or successive petition because Judge Gwin adjudicated Petitioner's first habeas corpus petition on the merits by applying procedural default and Petitioner's return to the state courts for further filings after this adjudication did not result in any adjudication on the merits by the state courts.

The undersigned also recommends transfer of the instant petition to the Sixth Circuit as a second or successive petition because Petitioner argues that the recent cases of *Comer*, *Apprendi, Blakely* and *Booker* apply retroactively to the sentences imposed in his case.  Under the AEDPA, a "second or successive" habeas petition concerns two types of constitutional claims made by prisoners:

> (1) claims based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" and that was "previously unavailable;" and (2) claims that rely on a rule of constitutional law and that are based on evidence that "could not have been discovered previously through the exercise of due diligence" and that would establish the petitioner's factual innocence.

*Brown,* 2006 WL 212100 at *3, quoting 28 U.S.C. § 2244(b)(2).

A review of Petitioner's instant petition reveals that he raises many of the same issues that he raised in his first federal habeas corpus petition, although he cites to *Comer*, *Apprendi*, *Blakely* and *Booker* in support of these arguments in the instant petition.  The undersigned notes that the Ohio Supreme Court has rejected a retroactive application of *Comer* to cases that became final prior to its decision.  *See Ali v. State*, 104 Ohio St.3d 328, 819 N.E.2d 687, 2004-Ohio-6592 (2005).  Moreover, the United States Supreme Court decided *Apprendi* in 2000, well before Petitioner's first federal habeas corpus petition and state court filings, and the Court did not hold that *Apprendi* applied retroactively to cases on collateral review.  In addition, the Sixth

-13-

Circuit has held that *Booker* does not apply to cases on collateral review. *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005).

Despite these obstacles, the undersigned nevertheless recommends that the Court find that Petitioner's instant federal habeas corpus petition is a second or successive petition that requires transfer to the Sixth Circuit Court of Appeals to determine whether to authorize the filing of this second or successive petition.  Petitioner bases his arguments on new rules of constitutional law previously unavailable that he believes may be retroactive. *See Brown,* 2006 WL 212100 at , *2 (S.D.Ohio, 2006)(concluding that petitioner's subsequent petition arguing that his sentence violates *Booker* and *Blakely* was second or successive petition requiring transfer to Sixth Circuit as the petitioner challenged the constitutionality of his sentence and based petition "on a new rule of constitutional law which, it may be argued, should be retroactively applicable to cases on collateral review, although the United States Court of Appeals for the Sixth Circuit has rejected such argument." [citing *Saikaly*, 424 F.3d at 517; *Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005)).  However, Petitioner has not obtained approval from the Sixth Circuit authorizing this Court to consider his instant petition.

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires that a petitioner obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider a second or successive petition. 28 U.S.C. § 2244(b)(3); *see also Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063, 1066 (6th Cir.), *cert. denied ,* 520 U.S. 1224, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997). When a petitioner files a second or successive petition for federal habeas corpus relief in the district court without authorization pursuant to § 2244(b)(3) from the Sixth Circuit Court of Appeals, this Court must transfer the documents(s) pursuant to 28 U.S.C. § 1631. *See In re Sims,* 111 F.3d 45, 47 (6th

Cir.1997).

### IV. CONCLUSION AND RECOMMENDATION

The undersigned recommends that the Court find that Petitioner's prior federal habeas corpus petition, which included an adjudication on its merits on the basis of procedural default, qualifies the current federal habeas corpus application as a "second or successive application" under 28 U.S.C. § 2244.  Since the undersigned recommends that the Court find that the instant petition is a second or successive petition which is improperly filed in this Court, it is further recommended that this Court transfer this matter to the Sixth Circuit for a determination by that Court as to whether Petitioner may proceed on his petition.  *Sims*, 111 F.3d at 47.  Accordingly, the undersigned recommends that the Court direct the Clerk to TRANSFER the instant action to the United States Court of Appeals for the Sixth Circuit.

Dated: May 5, 2006                                                      */s/George J. Limbert*
                                                                                      GEORGE J. LIMBERT
                                                                                      U.S. MAGISTRATE JUDGE


  ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).