UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DUANE P. GIBSON,** | : | Case No. 5:05cv2093 |
| | : | |
| Petitioner, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | **ORDER** |
| **MARGARET BRADSHAW, Warden,** | : | |
| | : | |
| Respondent. | : | |

Daune Gibson has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges the constitutional sufficiency of his conviction in state court for aggravated arson and burglary. Gibson contends that the trial court unconstitutionally sentenced him to a maximum sentence for the aggravated arson conviction and to consecutive sentences for both convictions, without making the proper factual findings.

Gibson's petition was referred to a magistrate judge of this Court, pursuant to 28 U.S.C. §636 and Local Rule 72.2(b)(2). The magistrate judge issued a Report and Recommendation ("R&R") (Dkt. No. 14) in which he recommended that Gibson's petition be found to be a second or successive petition and transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). Gibson has not filed any objections to the R&R. Because the Court reaches the same conclusion as the magistrate judge, upon its own de novo review, no further articulation of its reasoning is required. *Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1986). The Court, however, briefly emphasizes the correctness of the magistrate's reasoning and reiterates the legal foundation for this decision.

Specifically, the Court agrees with the magistrate's assessment that Gibson's present habeas petition is a second or successive application. Gibson's first petition was denied by Judge James S. Gwin on May 30, 2003 on the basis that, "due to *res adjudicata*, the petitioner's claims are waived for purposes of federal *habeas corpus* review." (Case No. 5:02cv607 at Dkt. No. 17). As such, the first petition was not denied, as Gibson argues, solely because of his failure to exhaust state remedies. His first application, therefore, constitutes an adjudication on the merits, and the present application must be considered a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3), Gibson was required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before filing a second or successive application in this Court. When a petitioner files a second or successive application in district court without receiving the authorization required by 28 U.S.C. § 2244(b)(3), "the district court shall transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the magistrate judge's R&R is **ADOPTED**, and Gibson's federal habeas corpus petition is **TRANSFERRED** to the Sixth Circuit Court of Appeals for a determination whether Gibson may proceed with the petition in this Court. Pursuant to 28 U.S.C. §1915(a)(3), the Court certifies that an appeal in forma pauperis from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

        s/Kathleen M. O'Malley
        **KATHLEEN McDONALD O'MALLEY**
        **UNITED STATES DISTRICT JUDGE**

**Dated: June 7, 2006**